**GREAT WESTERN PACKERS EX-
PRESS, INC., Plaintiff,**

v.

**UNITED STATES of America and IN-
TERSTATE COMMERCE COM-
MISSION et al., Defendants.**

**Civ. A. No. 66-C-82.**

United States District Court
D. Colorado.

Dec. 2, 1966.

Holme, Roberts, More & Owen, Richard T. Schrepferman, Denver, Colo., and Singer & Hardman, Chicago, Ill., for plaintiff.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty. Department of Justice, Washington, D. C., and Lawrence M. Henry, U. S. Atty., for District of Colorado, Denver, Colo., for defendant United States of America.

Robert W. Ginnane, Gen. Counsel, Thomas H. Ploss and John E. Faulk, Office of General Counsel, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

John P. Thompson, Denver, Colo., and Axelrod, Goodman & Steiner, Chicago, Ill., for defendants Midwest Emery

Freight System, Inc. and Little Audrey's Transportation Co., Inc.

Nelson, Harding, Acklie, Leonard & Tate, Lincoln, Neb., and Richard A. Dudden, Denver, Colo., for defendants Watkins Motor Lines, Inc. and Curtis, Inc.

Stockton, Lewis & Mitchell, Denver, Colo., for intervening defendant W. J. Digby, Inc.

Before LEWIS, Circuit Judge, and CHILSON and DOYLE, District Judges.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

In this action plaintiff seeks to enjoin, annul and set aside orders of the Interstate Commerce Commission in certain motor carrier proceedings. The orders which are under attack are those of the Commission approving the applications of three motor carriers while at the same time denying the application of plaintiff for a certificate of public convenience and necessity to transport meat over irregular routes in interstate commerce. The Commission also denied the plaintiff's petition for consolidation of the other three proceedings with its own. It is this latter motion which is the primary question presented.

Plaintiff is an Illinois corporation which has its principal office in Denver. It filed its application in August, 1964, before the Interstate Commerce Commission seeking leave to operate as a motor carrier over irregular routes from Denver, Colorado, to California. This application was denied. Watkins Motor Lines, Inc. had filed its application in December, 1962. It sought a certificate of public convenience and necessity to operate over irregular routes from points in Colorado to points in Arizona, New Mexico, Nevada and California, to carry meats, meat products, dairy products and packing house by-products; also candy and confectionery items, foodstuffs and frozen foods, together with exempt commodities.

Curtis, Inc., filed its application with the Commission on January 21, 1963, seeking authority to operate between points in Colorado, Arizona, and New Mexico, Nevada and California. It sought to carry substantially the same products that Watkins had applied to carry. These two applications were heard on a consolidated record in Denver, Colorado, in September, 1963, and in Los Angeles, California, in July, 1964, and again at Denver in July, 1964. On March 15, 1965, the examiner recommended that the applications of Watkins and Curtis be denied. However, the Commission, Division I, granted the applications in part on August 20, 1965. Right after this, plaintiff filed a pleading seeking to consolidate its application with those of Watkins and Curtis and also Digby. Plaintiff's petition for reconsideration was denied on November 26, 1965, and its petition for reconsideration of the denial was denied by the Commission on January 19, 1966.

On April 1, 1964, W. J. Digby, Inc. filed an application for a certificate to operate from Denver to points in Arizona and California to carry meats, meat products, meat by-products, dairy products, together with commodities distributed by meat packing houses. The Digby application was heard on a consolidated record before an examiner together with two other applications, including one by plaintiff for similar operating authority. Hearings were held at Denver in July and November, 1964. The examiner recommended that Digby be granted authority from Denver to points in California. On November 28, 1965, the Commission affirmed the examiner's recommendation as to Digby and by Order of January 19, 1966, the Commission affirmed its previous order denying plaintiff's motion to consolidate Watkins, Curtis and Digby's applications with its own.

The main thrust of plaintiff's argument in this Court is that all four applications should be remanded to the Commission for comparative findings and concurrent disposition. Plaintiff main-

tains that the Commission erred in refusing to consolidate the applications; that such denial deprived plaintiff of its right to a fair hearing, and that the Commission's action was arbitrary. The argument is that the Commission's refusal to consolidate the four applications constituted a denial of due process of law under the Fifth Amendment and also failed to satisfy the Administrative Procedure Act, Title 5 U.S.C.A. § 1009. The basis for this argument is the contention of plaintiff that the applications were mutually exclusive within the meaning of Ashbacker Radio Corp. v. Federal Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1948). The question is, therefore, whether an applicant for a certificate of public convenience and necessity to haul goods in interstate commerce who is competing with three others carriers which had filed somewhat similar applications with the Commission on earlier dates, is entitled to the benefit of this so-called *Ashbacker* doctrine. That case involved two radio stations, applicants to the Federal Communications Commission, both of which were seeking the same frequency. The Commission concluded that simultaneous operation on the same frequency would result in "intolerable interference" to both applicants. The Commission concluded that the applications were such that one station had to be precluded from operating. One application was granted without a hearing and the other was set for a later hearing. The Supreme Court held that both applications were for a facility which could be granted to but one applicant; that the two applications were thus mutually exclusive, and that the granting of one application before a hearing on the other had the effect of depriving the latter of its right to a fair hearing. The unsuccessful applicant was placed in a position of a newcomer seeking to displace an existing facility with an assigned frequency.

■ The *Ashbacker* doctrine thus requires an administrative agency to hear competing applicants for mutually exclusive authority on a consolidated basis.

The plaintiff argues that the granting of authority in the instant case has the same effect on its application. Thus, the inquiry is whether the applications at bar were mutually exclusive, and if the so-called *Ashbacker* doctrine is applicable, whether its requirements were satisfied in the proceedings before the Commission.

We know first of all that the decision in *Ashbacker* is limited. Its limited scope is shown in the words of the author of the opinion, Mr. Justice Douglas, as follows:

"We only hold that where two bona fide applications are mutually exclusive the grant of one without a hearing to both deprives the loser of the opportunity which Congress chose to give him."

■ It is noteworthy that the proximity of the two stations in *Ashbacker* was an important aspect in the decision. It was impossible for the two radio stations to broadcast in the same area without creating what was described as "intolerable interference." The fact of economic exclusivity also brings the doctrine into play however. See Delta Air Lines v. Civil Aeronautics Board, 1959, 107 U.S.App.D.C. 174, 275 F.2d 632.

■ It would be stretching the *Ashbacker* doctrine to apply it to the present situation. Clearly this is not a facility which can be granted to only one. Numerous truck lines operate economically in the same areas and in this instance each of the individuals has its own particular following in its individual area of influence. Moreover, the services to be rendered are not identical, nor are the cities or states sought to be served identical. Watkins and Curtis sought authority in several states. Furthermore, the Commission granted different authority to Curtis and Watkins from that granted to Digby.

■■ We do not say that the *Ashbacker* doctrine could never apply to the

trucking industry. We do point out, however, that there is no limit to the number of certificates that may be granted; nor is there the physical interference which was present in *Ashbacker*. Consequently, an applicant seeking to apply the *Ashbacker* doctrine must at least show that the granting of authority to some other applicant will substantially prejudice his application. In this instance the Commission denied the plaintiff's application on the ground that it failed to demonstrate that the public convenience and necessity required its proposed operation. Conceivably, the Commission could have granted the plaintiff's application notwithstanding that it had also granted the applications of Watkins, Curtis and Digby. Since the applications involved were not shown to have been mutually exclusive, the Commission correctly denied the plaintiff's effort to consolidate the hearings.

The fact that plaintiff's application was filed long after that of Watkins and Curtis, and considerably following the filing of an application by Digby, is not the basis for this decision, and yet, this certainly poses a practical administrative problem. Is one late-coming applicant to be permitted to disrupt several other prior actions and determinations of the Commission? To hold that he can do so would be to compound administrative confusion. Nor is it necessary for us to determine whether the *Ashbacker* doctrine was in fact satisfied in the case at bar. We merely note that the Commission has some latitude in the manner of applying this rule. See Railway Express Agency, Inc. v. United States, D.N.Y. 1962, 205 F.Supp. 831; and see also Eastern Air Lines v. Civil Aeronautics Board, 1956, 100 U.S.App.D.C. 184, 243 F.2d 607.

█ Finally, we are not disposed to disturb the action of the Commission which denied the application of plaintiff on its merits. See Colorado-Arizona-California Express, Inc. v. United States of America, et al., D.Colo.1963, 224 F. Supp. 894. See also Curtis, Inc. v. United/

States of America, et al., D.Colo.1964, 225 F.Supp. 894. It is

Ordered that the relief sought by plaintiff be denied and that the complaint be dismissed.