COMMUNITY CARE CENTERS, INC., Appellant,

v.

MISSOURI HEALTH FACILITIES RE-VIEW COMMITTEE, and Barnes Hospital, Respondents.

WD 38831.

Missouri Court of Appeals, Western District.

May 19, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1987.

Application to Transfer Denied Sept. 15, 1987.

Harvey M. Tettlebaum, Jefferson City, for appellant.

William L. Webster, Atty. Gen., Louren Wood, Asst. Atty. Gen., Jefferson City, for MHFRC.

Donna Arnoff Smith, and Daniel R. Sokol, St. Louis, for Barnes Hosp.

Before CLARK, Chief Judge, and TURNAGE and NUGENT, JJ.

CLARK, Chief Judge.

This appeal is from an order of the circuit court which dismissed the petition of Community Care Centers, Inc. seeking judicial review of a decision by the Missouri Health Facilities Review Committee. The petition was dismissed on the ground that appellant lacked standing to maintain the action as an aggrieved person. The judgment is affirmed.

On December 11, 1985, Barnes Hospital in St. Louis filed with the State Health Planning and Development Agency an application for certificate of need to construct a 240 bed nursing home. Such a certificate

is required before a new institutional health service may be developed. Section 197.315, RSMo.1986.[1] The purpose of the certificate of need program is to reduce unnecessary duplication in health care facilities and to reduce the cost of health care. *HCA Health Services of Midwest, Inc. v. Administrative Hearing Commission,* 702 S.W.2d 884, 885 (Mo.App.1985).

Appellant operates a nursing home in St. Louis County. The facility proposed by Barnes Hospital offers the same services as appellant and, as a competitor for patients, the new care center could or would attract persons who otherwise would use the facility operated by appellant. In consequence, construction of the new nursing home could or would diminish income to appellant and adversely affect appellant's economic well being.

Processing of the Barnes' application was delayed by an unfavorable staff report and by disapproval from the agency. Eventually, the Missouri Health Facilities Review Committee, the final administrative decision maker under the plan, approved the application and issued its certificate. Prior to the final action taken on the application, appellant had petitioned for intervention in opposition to the proposal. Although the committee neither granted nor denied the petition by appellant, it did participate actively in the hearings.

The present petition for judicial review of the committee's action was filed by appellant in the circuit court on July 25, 1986, within thirty days following the committee's decision. Barnes Hospital filed a motion to dismiss the petition contending that appellant as a non-party to the certification proceeding lacked standing to proceed with suit. The circuit court ordered dismissal, relying on *HCA Health Services, supra,* and this appeal followed.

Appellant argues essentially two points in support of its claim to standing. It first contends that its right to initiate judicial review of the administrative decision is guaranteed by Art. V, § 18 of the Constitution of Missouri and by Art. VI, cl. 2 of the United States Constitution. Secondly, appellant argues that participation by competitors in the administrative and judicial consideration of an application for certification under the statute is essential to prevent unnecessary duplication of health care facilities.

In examining the first contention, it must be noted that appellant, and others similarly situated, are given no recognition under the statute providing for appeal from a decision by the Health Facilities Review Committee. Instead, the statute expressly limits participants in an appeal to the applicant and the health systems agency within the affected area. Section 197.335. This provision has, for example, been construed not to permit an appeal by an unsuccessful applicant where two applicants sought certificates for health services in the same area. *HCA Health Services, supra; PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities,* 724 S.W.2d 524 (Mo.App. 1986).[2]

Appellant here, who had no application for a certificate before the Committee, is therefore not a party entitled to appeal the Committee's decision, according to the statute by which the legislature has designated litigable interests. This distinction is of consequence because it excludes from application to the question those cases such as *Hertz Corp. v. State Tax Commission,* 528 S.W.2d 952 (Mo. banc 1975), involving the status of aggrievement. Regardless of the present appellant's factual qualification as an aggrieved party within the meaning of § 536.100, it can make no claim to standing as an appellant under § 197.335 because it is neither an applicant nor a health systems agency. The entitlement to pursue the appeal is to be found, if at all and

---

1. All statutory references are to RSMo.1986.

2. The cited cases appear to involve attempts by the unsuccessful competitor applicants to obtain judicial review of the decisions to grant certificates to the successful applicants. It would seem that if the unsuccessful applicant sought only to review the denial of its own application, standing to petition for review would be provided by the plain language of the statute. Whether the cases could be severable in this respect may be uncertain.

notwithstanding the limitation of the statute, if appellant's private rights are so affected by the administrative decision that a constitutional right of judicial review prevails.

The private rights which appellant contemplates will be impaired by the grant of the certificate to Barnes Hospital are, according to appellant's petition, its entitlement to serve its trade area with nursing home facilities free from competition by comparable facilities to be constructed by Barnes Hospital. The issue is whether suppression of competition is a private right protected by the Missouri Constitution.

In a factually similar case, the Eastern District in *St. Joseph's Hill Infirmary, Inc. v. Mandl*, 682 S.W.2d 821 (Mo.App. 1984), held they were not. St. Joseph's was an established nursing home operator which opposed the grant of a certificate to Pacific Care Center for construction of new bed facilities. St. Joseph's claimed, as does appellant here, the right to appeal the grant of certification to Pacific Care on the basis of affected private rights under Art. V, § 18 of the Missouri Constitution. The opinion held that there is no right to be free from legitimate competition nor does the law undertake to protect any such right.

The doctrine announced is neither new nor limited to the health care field. The *St. Joseph's Hill* case cites *Schmitt v. City of Hazelwood*, 487 S.W.2d 882 (Mo.App.1972), among others. Schmitt was the operator of a service station and car wash in Hazelwood. The city issued a permit for construction and operation of a car wash at a nearby location. Schmitt sued claiming that the permit was invalid because it was issued contrary to the zoning law. He also contended that he had standing to question the validity of the permit because the establishment of another car wash would damage his business expectancy. The court held Schmitt to have no interest sufficient to maintain the suit because judicial protection will not be extended to stifle competition. There is no legal right to

enjoy a monopoly or to bar others from the trade.

Despite the holding in *St. Joseph's Hill*, which must otherwise be deemed to be controlling on the point, appellant argues that its position finds support in *Bank of Belton v. State Banking Board*, 554 S.W.2d 451 (Mo.App.1977), and *Farmer's Bank of Antonia v. Kostman*, 577 S.W.2d 915 (Mo.App.1979). In those cases, competitor banks sought to oppose licensing of facilities expansion by the State Banking Board, in *Bank of Belton* by petition for judicial review, and in *Farmer's Bank* by declaratory judgment. The opinions sanctioned the competitors' status to proceed with the litigation. Appellant argues that its property rights in opposing competition by the certification of Barnes Hospital for construction of the additional nursing home are of equal standing to the rights of the competing banks given recognition in *Bank of Belton* and *Farmer's Bank*.

The *Bank of Belton* and *Farmer's Bank* cases are distinguishable from the present case in that the court based the decisions on statutes evidencing a legislative purpose to permit intervention by competing banks in the administrative process. Where a new bank seeks charter approval by the State Banking Board, the right of intervention by competitors is expressly sanctioned. Section 361.095.3. The grant of a bank facility application, that is, an expansion of service at a satellite location, is under Chapter 362 which contains no section comparable to Section 361.095.3. The court held that Chapters 361 and 362, when examined together, evidence a common legislative purpose to maintain the solvency of banks by allowing competitor banks to contest bank expansion whether in the form of a new bank charter or in expansion of service by an existing bank. Thus, a competitor opposing a facility expansion has the same procedural rights and standing as a competitor who objects to the incorporation of a new bank.

The distinction between the banking cases and the certification of health care facilities is that in the former, the legislature has provided for competitor intervention whereas in the latter, it has not. The

legislative decision is pivotal. It is a matter for the legislature to decide whether the public interest is served by permitting intervention by third parties having a collateral interest in the subject for administrative action.

Appellant emphasizes language in the two cited bank cases which it contends adopt the principle that an adverse impact on commercial expectations by governmental licensing of a competitor is an affected private right protected by recourse to judicial review under Art. V, § 18 of the Constitution of Missouri, irrespective of what the applicable statute may declare. On this ground, appellant contends the bank cases and the *St. Joseph's Hill* are in conflict. We do not agree.

The *Bank of Belton* and *Farmer's Bank* cases say that within the constitutional provision for judicial review of administrative decisions, the legislature has determined, as a matter of legislative policy, to include competing banks among the categories of affected persons entitled to standing and rights of intervention. That right of participation by banks does not emerge from the provision of the constitution alone, but from dual sources, the constitution and the statute. In the subject case, the statutory underpinning is absent.

The subject in both the bank cases and in this case are essentially the same, the entitlement to oppose competition. As we have already observed, freedom from legitimate competition is not a recognized right and therefore appellant can claim no entitlement to judicial review based solely on constitutional guarantee. This is not to say that the legislature is the exclusive arbiter of what may or may not constitute private rights given constitutional protection. Some private rights of basic dimensions entitle the person affected by administrative action to judicial review without express statutory sanction. In other cases, of which the present situation is an example, the right exists only when the legislature has broadened the class of affected parties to include those not otherwise having a constitutionally recognized interest.

We agree with the holding in *St. Joseph's Hill* that where the issue is a claimed private right to be free from or to oppose legitimate competition, the claim must fail as a matter of constitutional guarantee because no such right exists at law. The decision as to whether the public interest is served by competitor intervention in the licensing process and in judicial review is a matter for legislative decision. The *St. Joseph's Hill* case controls to deny appellant's point.

■ Appellant also argues that the right it claims under the Missouri Constitution to judicial review is set out in federal law, 42 U.S.C. § 300 n–1(b)(12)(E), which provides that any person adversely affected by a final decision of a state agency with respect to a certificate of need may obtain judicial review in an appropriate state court. Appellant adds that under the code of federal regulations, "affected persons" are defined as including health care facilities located in the health service area in which the proposed project is to be located, 42 C.F.R. § 123.401. The contention is that the Missouri statute must be held either to conform to the federal law or be declared invalid because, under the Supremacy Clause, Art VI, cl. 2 of the United States Constitution, the federal law must prevail.

Appellant has failed to note that Title XV of the Public Health Services Act, including the sections on which appellant relies, was repealed effective January 1, 1987. Section 701, Pub.L. 99–660. There was no substitute legislation enacted relative to facility certification. The federal government has therefore abandoned any attempt to preempt state law in this area.

Even were there to be an argument based on the fact that the federal act was in force at the time the proceedings for certification in this case were in process, the contention is without merit because the act does not speak in mandatory terms when the issue is "affected persons." As the court pointed out in *St. Joseph's Hill*, the provision for participation in review proceedings by competitive health providers does not appear in the federal act, only in regulations promulgated by the Secretary, and this is not necessarily indicative of a congressional mandate. State statutes will be declared invalid under the Supremacy Clause only when the federal law indi-

cates an intention by Congress to entirely occupy the field or when they are in actual conflict with federal statues. *Carney v. Hanson Oil Co.*, 690 S.W.2d 404, 406 (Mo. banc 1985). Nothing appears in the federal statute to indicate either a congressional intent to entirely occupy the procedural aspects of the review process or to designate the regulations as mandatory rather than permissive.

In a final point, appellant asks this court to engraft upon the Certificate of Need Law an enlargement of judicial review on the basis that the legislature must have assumed Chapter 536 would be applicable or, because exclusion of competing health care providers from participation frustrates the purpose of the law to prevent duplication of services. It suffices in answer to say that the decision on whether the law is adequate to serve the intended purpose is one for the legislature. Under the present language of the statute, as discussed earlier in this opinion, appellant has no standing to appeal the decision by the committee to issue a certificate of need to Barnes Hospital. Any complaint of inadequacy in the law should appropriately be directed to the legislature.

The judgment is affirmed.

All concur.