GOLD CROSS AMBULANCE,
INC., Appellant,

v.

MISSOURI DEPARTMENT
OF HEALTH

and

Bureau of Emergency Medical
Services, Respondent,

Northland Advanced Paramedical
Service, Intervenor.

No. WD 47327.

Missouri Court of Appeals,
Western District.

Nov. 2, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 28, 1993.

C. Robert Buckley, Paden, Welch, Martin & Albano, P.C., Independence, for appellant.

Franklin E. Foster, Jefferson City, for respondent.

David Keith Holdsworth, Liberty, for intervenor.

Before ULRICH, P.J., and BERREY and SMART, JJ.

ULRICH, Presiding Judge.

Gold Cross Ambulance Service ("Gold Cross") appeals the decision of the trial court affirming the Administrative Hearing Commission's ("AHC") dismissal of Gold Cross's petition for review for lack of standing. Gold Cross had filed its complaint with the Bureau of Emergency Medical Services challenging the issuance of an ambulance license to Northland Advanced Paramedical Services ("Northland").

Gold Cross presents two points on appeal. First, Gold Cross claims the circuit court's order finding that Gold Cross lacked standing and dismissing its petition for review for lack of subject matter jurisdiction, was error. Second, Gold Cross contends that the Missouri Department of Health[1] ("DOH") improperly issued a license to Northland because DOH followed the simplified hearing procedure, 19 C.S.R. 30–40.070, in violation of the Administrative Procedure Act of chapter 536 RSMo (1986).

The trial court's order is affirmed. Gold Cross was not an aggrieved person and lacked standing to pursue its claim before the AHC. Because Gold Cross lacked standing, the second point is not considered.

On September 26, 1992, the DOH received Northland's application for licensure to respond to the routine ambulance calls that the Liberty Fire Department no longer wished to answer. DOH mailed surveys requesting comments regarding Northland's license application to all twenty-one ambulance services in Jackson and Clay Counties. Only two, including Gold Cross, responded negatively.[2]

The DOH granted the license to Northland. Gold Cross filed its complaint with the AHC seeking determination under section 190.171 that the license be denied. DOH filed a motion to dismiss with the AHC contending Gold Cross had no standing to appeal because it was not an aggrieved party under section 190.171. AHC granted DOH's motion and dismissed Gold Cross's complaint. The AHC determined that as a mere potential economic competitor of Northland, Gold Cross was not an aggrieved person within the meaning of section 190.171. Gold Cross filed its petition for review in the Circuit Court of Jackson County at Independence and the trial court sustained DOH's motion to dismiss for lack of subject matter jurisdiction for lack of standing. Gold Cross appealed.

I

Whether Gold Cross lacks standing to present its claim depends on the meaning of the words "aggrieved person." Section 190.-171 provides:

> *Any person aggrieved* by an official action of the department of health affecting the licensed status of a person under the provisions of sections 190.100 to 190.195, including the refusal to grant, *the grant*, the revocation, the suspension, or the failure to renew a license, may seek a determination thereon by the administrative hearing commission pursuant to the provisions of section 621.045, RSMo, and it shall not be a condition to such determination that the person aggrieved seek a reconsideration, a rehearing, or exhaust any other procedure within the department of health or the department of social services.

Gold Cross claims that the words "any person ... affected by ... the grant ... of a license," includes potential economic competitors. Gold Cross cites *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d 821, 824 (Mo.App.1984), for the proposition that "a

---

1. The Bureau of Emergency Medical Services is an agency in the Missouri Department of Health. For simplicity any reference in this opinion to DOH includes the Bureau of Emergency Medical Services if applicable.

2. Nine were in favor, four were neutral, six did not respond and two were negative.

competitor may achieve the status of an 'aggrieved person' based upon the legislative policy of the particular statute." *Mandl* decided that a competitor did not have standing as an aggrieved party to challenge the grant of a nursing home license. "A party is aggrieved when the judgment operates prejudicially and directly upon his personal or property rights or interests. Such operation must be immediate and not merely a possible remote consequence." *Id.* (citing *Hertz Corp. v. State Tax Comm'n*, 528 S.W.2d 952 (Mo. banc 1975)). The *Mandl* court also noted that "[g]enerally speaking the 'right' to be free from legitimate competition is not a right at all and is certainly not one protected by law." *Mandl* at 824.

*Mandl* was a health care facility licensing case arising before enactment of the current version of section 197.335. Currently section 197.335 limits standing to appeal to the applicant or the health system agency. Section 536.100 was the relevant statute defining standing in *Mandl*.[3] *Mandl*, therefore, is much like this ambulance licensing case. The legislature has not specifically granted standing to include competitors nor has it specifically limited standing to the applicant and the agency.

Various banking cases have been cited by both parties as authority for their positions. Unless the third party has a private right of basic constitutional dimension, the right of a competitor to intervene exists only when the legislature has broadened the class of affected parties. *Community Care Centers, Inc., infra* at 16. The banking cases are distinguishable because the legislature has by statute expressed intent to permit intervention by competing banks.[4] *See Community Care Centers, Inc. v. Missouri Health Facilities Review Committee*, 735 S.W.2d 13, 15 (Mo. App.1987).

The issue then, is whether the legislature has broadened the class of aggrieved persons in the ambulance licensing area to include competitors. In *Raytown v. Danforth*, 560 S.W.2d 846, 849 (Mo.1977), the court stated that the ambulance licensing laws were directed "toward control of destructive competition and improvement of service." This statement is not authority granting standing to competitors. Preventing "destructive competition" can be effected by the proper agency performing investigations, and acquiring information from interested entities and through a hearing process.

The only potential indication in the statute that a competitor may have standing is the language "aggrieved by ... the grant" in section 190.171. The trial judge's order reconciled the apparent ambiguity by reasoning, "[t]he reference to appeal did not intend to confer appeal rights on mere economic competitors ... but rather upon *grantees* of a license who have suffered unwarranted, unfair or illegal *conditions* upon the grant of their licenses." This is a reasonable construction of that portion of the statute. If the legislature had intended to grant economic competitors standing to appeal in ambulance licensing cases, the language granting such standing would have been more explicit and plain than the language in section 190.171. The grant of an ambulance license in Liberty does not directly and prejudicially injure Gold Cross. Any injury would be remote and tenuous. Section 190.171 does not grant mere economic competitors standing to appeal the decision of the DOH. Gold Cross was not an aggrieved party under the statute and lacked standing.

The order sustaining the motion to dismiss is affirmed.

All concur.

---

3. Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in sections 536.100 to 536.140, unless some other provision for judicial review is provided by statute. § 536.100, RSMo (1986).

4. Section 361.095(3) and chapter 362 RSMo (1986).