THE STATE ex rel. JAMES W. DARST et al. v. GUSTAVUS A. WURDEMAN, Judge of Circuit Court.

In Banc, July 3, 1924.

1. **PROHIBITION: Motion for Judgment on Pleadings: Facts of Case.** In prohibition where the record consists of the application for the writ, respondent's return and a motion for judgment on the pleadings, the facts stated in the return and the undenied allegations of fact contained in the petition are taken as the facts of the case.

2. ———: **By Persons Not Parties to Suit in Trial Court.** Citizens and voters who are not parties to the election contest suit pending in the circuit court, may maintain an original writ of prohibition in the Supreme Court, to prohibit the circuit court from illegally destroying the secrecy of their ballots.  At common law it was not necessary that the applicant for the writ should be a party to the suit or proceeding against which the writ was sought, and the common law, in so far as it relates to prohibition proceedings in the Supreme Court, has not been abrogated by statute, but the statutes relating to parties in prohibition apply only to the circuit court.

3. ———: **Anticipating Ruling of Trial Court: Disavowal of Respondent.**  The writ of prohibition cannot go unless the trial court has exceeded its jurisdiction or contemplates a ruling in excess of jurisdiction.  It cannot be used to anticipate a possible illegal ruling adverse to relators.  Where the circuit court, in a pending election contest suit, in response to an application therefor, had ordered the county clerk to recount the ballots, and he had done so, and upon the coming in of his report the contestee filed a motion "to exclude, quash, suppress and impound said report," and thereafter relators, private citizens and voters, ask for a writ of prohibition, alleging that, if said report is read in evidence at the trial, the secrecy of their ballots will be destroyed, but making no allegations that the trial judge has threatened to overrule said motion, which

is still pending, and the respondent judge in his return states that "the issues to be tried before him, which include the motion to suppress, will be tried like all other issues of fact, and the law applied to the facts of the case" and "denies that he will or was about to take any illegal action in the contest case pending before him" but states that "all of his acts, rulings and official conduct will be in accordance with the law and the evidence," the preliminary rule in prohibition must be discharged. The allegation in the petition that the respondent, on the trial of said contest suit, unless restrained by the writ of prohibition, will overrule said motion to suppress, and will permit said report to be read in evidence, is a mere conclusion, unsupported by any alleged fact, and respondent's denial that he contemplates the doing of any illegal act must, in view of the motion for judgment on the pleadings, be taken as true, and there is nothing in the petition or return upon which to base a ruling that respondent has exceeded or is about to exceed his jurisdiction.

Headnote 1: Pleading. 31 Cyc, 666. Headnotes 2 and 3: Prohibition: 2, 32 Cyc. 622; 3, 32 Cyc. 604, 625.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*J. W. Jamison* and *James E. Hereford* for relators.

The secrecy of the ballot cannot be violated except in so far as may be absolutely necessary to prove allegations of fraud made in good faith. Nothing short of an allegation that each and every one of the twenty-five thousand votes cast at the election in St. Louis County was fraudulent could justify the report of the county clerk or its use by respondent in evidence. Gantt v. Brown, 238 Mo. 560; State ex rel. Phillips v. Barton, 254 S. W. 85; Gass v. Evans, 244 Mo. 239; State v. Byrd, 237 S. W. 166.

*Henry Kortjohn, Jr.,* and *Ralph & Baxter* for respondents.

(1)   Respondents deny the allegations of fact set out in relators' petition for writs of prohibition.   (2) The issues of fact set out in the contest petitions and other pleadings in the contest cases allege fraud which justifies the return made by the county clerk in obedience to the writ of re-count.   (3)   In this election contest case all the facts set out in the return of the county clerk to the writ of re-count are necessary as evidence. The investigation should be as broad as the charges. Gantt v. Brown, 238 Mo. 560, 569; Bradley v. Cox, 271 Mo. 438.   (4)   Ballots rejected by the judges of election, where there is no evidence that the ballots were lawful beyond that shown by the ballots themselves, cannot be counted. Hehl v. Guion, 155 Mo. 76.   (5)   Where the Supreme Court and the circuit court have concurrent jurisdiction to try the issue of facts involved, a writ of prohibition shall not lie.   State ex rel. Johnson v. Withrow, 108 Mo. 8; State ex rel. Buckner v. Ellison, 277 Mo. 294, 301.   (6)   The order made by the circuit court is a ministerial order, which may even have been made by the clerk in vacation, and is not such a judicial act as authorizes correction by writ of prohibition.   State ex rel. Phillips v. Barton, 254 S. W. 85; Johnson v. Railroad, 259 Mo. 534.

GRAVES, C. J.—Original action in prohibition. Relators were legally qualified voters at the general election held in this State, and in St. Louis County, in November, 1922. They were, at said times, and at the application for our writ, citizens of and legal voters in the sundry voting precincts of St. Louis County and voted at said election. The record here consists of the application made for our writ, respondent's return made to our preliminary rule, and a motion for judgment upon the pleadings. In this situation we must go to the return of respondent, who is judge of the Circuit Court of St. Louis County, presiding in Division Two of said court, for the facts of the case, except where there are undenied

allegations in the petition for the writ. An undenied allegation in the petition would stand as confessed. The return filed consists of many specific admissions and at least some denials of facts pleaded in the petition. It appears to us, however, that the learned circuit judge has attempted to present all the facts in the case, either through specific admission of the facts charged in the petition of relators, or by a statement of facts made in the return.

The return admits (1) that relators were qualified voters at the general election held in St. Louis County, Missouri, on November 7, 1922; (2) that William Seibel was county clerk of the county, and as such prepared the legal and usual blanket ballots, for such election, and distributed the same in proper manner to the several voting precincts; (3) that upon each of said ballots were four separate tickets, headed respectively, "Republican Party," "Socialist Party" and "Socialist-Labor Party;" (4) that on these tickets appeared the names of the nominees of said parties for offices to be filled, running from U. S. Senator to and including state, county and township officers; (5) that upon the Republican Party ticket there appeared the name of Fred E. Mueller for prosecuting attorney of the county, and the name of Walter E. Miller for clerk of the county court; (6) that upon the Democratic Party ticket there appeared the name of Adam Henry Jones for prosecuting attorney of said county, and the name of Edward Tiffin for clerk of the county court; (6) that where the voter voted a "straight party ticket" it was done by placing an (X) mark in the circle under the party name, and if the voter voted a "split ticket" marks were appropriately placed, or attempted to be placed for that purpose; (7) that by the returns made by the precinct election officials as cast up by Seibel, the county clerk, and two justices of the peace of the county, it appears that both Jones and Tiffin had been elected and they were each given a certificate of election to the office to which

each was elected, and later assumed their respective offices.

The return then alleges that Mueller gave a notice of contest as against Jones, and Miller gave a notice of contest against Tiffin. Services of the notices were duly made upon contestees, and in due time each of the contestees gave notice of contest of designated votes for contestant. In other words, there were two contested election cases instituted in due form pending in the Circuit Court of St. Louis County. That of Mueller vs. Jones was assigned to Division Two, and is the case which we have in hand now. The case of Miller vs. Tiffin fell to the other division of the court. In each case application for a re-count of the ballots was made and an order made therefor. The respondent in this case has set out in his return both the notice of contestant and the notice of contestee, so that these become a part of the return. Both cases evidently took the same course, for it is stipulated that the result of the prohibition proceeding in the Mueller-Jones Case shall determine a like proceeding in the other case.

It appears that Seibel, the county clerk, made the re-count, and this included every vote cast in the county. It further appears that the re-count was had for both offices at the same time, and when the county clerk made out his report of the re-count he made duplicate copies, and filed one in each case. So that the report made in each particular case not only shows the condition of the ballots as to one office, but as to both. We shall not go into the details of these reports at this point.

In the case of Mueller vs. Jones, upon the incoming of the county clerk's report, the contestee filed a motion to suppress such report for divers reasons stated therein, and this motion to suppress is contained in the return made by the learned respondent. With this motion pending and undetermined, the relators herein, who are not contestees or contestants in either case, but merely voters at such election, seek to prohibit the use of such report,

because (for many reasons, as they allege) it destroys the secrecy of their ballots. They urge that no charge of fraud or improper voting is made as to their ballots, but that the persons for whom they voted would be made public by the use in evidence of the report made by the county clerk. This is a general outline. The more specific facts must be left to the opinion under the several points urged.

I. The relators in this case are mere citizens and voters, and not parties' to the contest proceedings, in which it is alleged the court is exceeding its jurisdiction. At first 'blush their right to proceed appeared to be a question. At common law the keeping of the courts within their jurisdiction was a matter of great public concern, and one in which not only the sovereign, but the subjects were alike interested. So that when the common law has not been abrogated it is by no means necessary that the applicant for the writ should be a party to the suit or proceeding against which the writ is sought. See note to State v. Superior Court (Wash.), 111 Am. St. Rep. 970, whereat the authorities are collated.

In this State we have ruled that proceedings in prohibition, in the Supreme Court, are governed by the general law, and not by our statutes; that the statutes as to the parties to the action have reference to the circuit court and not to this court. [State ex rel. v. Eby, 170 Mo. l. c. 527.] In fact, as said in the Wear Case, 135 Mo. l. c. 257: "The statute governing proceedings in prohibition makes no change in the ancient law on these points. Laws 1895, p. 95." The statute itself leaves much to the common law, or as it says "the general principles of law." Unless there are specific directions in the statutes the last section (Sec. 2065, R. S. 1919) provides that "proceedings in prohibition shall be governed and continued in accordance with the existing rules of general law upon the subject." So that, absent a statute precluding a stranger to the cause from proceeding

in prohibition, the common law remains intact, and permits such action. Relators can therefore maintain the proceeding.

II.   We have granted, supra, that the relators have the right to bring and maintain the action, but this means that their case must be taken up and disposed of just as are other cases in prohibition, and under the same rules.   Their contention is that the secrecy of their respective ballots will be destroyed, if the report of the county clerk is read in evidence.   This we think is true. But for the point we now have in view, we pass this particular question.   Relators in their petition charge as follows:

"Upon information and belief plaintiffs state that in due course and at the regular September term, 1923, of said circuit court, in said division number two thereof, the said case of Fred E. Mueller versus Adam Henry Jones will come on for hearing and trial before said defendant, the Honorable Gustavus A. Wurdeman, judge of said court, on the aforesaid notice and the aforesaid counter-notice of contest and on the aforesaid motion of the said contestee Jones to exclude, quash, suppress and impound the aforesaid report of said county clerk, William Seibel.   That in said hearings, proceedings and on the trial of said cause, said defendant as judge of said court, unless he shall be restrained and prohibited therefrom by this honorable court, will suffer and permit the said contestant and the said contestee to offer and read in evidence the said Seibel's report, and will further suffer and permit counsel of the respective parties in said contest case and numerous witnesses, a record of whose ballots were set down and noted in said report, as well as numerous other persons, to analyze and examine said report, and will further suffer and permit the said parties to have the numbers on all said ballots as noted in said report of the said Seibel to be taken down and noted by the official stenographer in his record,

transcript and report made in the taking, in reporting and in transcribing the evidence adduced in said hearings and trial, and will further permit the said parties to said contest, their said counsel and said witnesses and others to compare the aforesaid ballot numbers as noted in the said Seibel's report with the poll books and voting lists and with the numbers appearing opposite the names of each and every plaintiff herein as noted and recorded in said poll books or voting lists whereby, in violation of the rights and privileges of the plaintiffs herein, the secrecy of their respective ballots voted in said election will be violated, and said ballots will be publicly exposed and published, so that it will be generally known for whom each and every of the plaintiffs herein and every other elector voting in said election voted for the office in contest, and as well for whom they severally voted for each, every and all other offices listed on the afosesaid official ballot.''

To this charge in the petition respondent in his return says:

''Respondent further states that said contest cause was set in his court during the September, 1923, term thereof, and that on account of this proceeding the same was continued. Respondent states that his court has jurisdiction of the subject-matter, to-wit, the contest proceeding, as well as jurisdiction of the persons, parties to said proceeding, and that the issues to be tried before him will be tried like all other issues of fact, and the law applied to the facts the same as this honorable court would apply the law to the facts in the case, and respondent denied that he will or was about to take any illegal action in the contest case pending before him, but that all of his acts, rulings and official conduct would be in accordance with the law and the evidence.''

Both petition and return show the pendency of the motion to suppress the report of the county clerk. The petition does not aver that respondent has even threatened to overrule that now pending motion. Neither does

the petition charge in plain language that respondent has threatened to permit the use of the report of the county clerk in evidence. It does say that upon information and belief the "plaintiffs state that in due course and at the regular September term, 1923, of said circuit court" said case will come up before Judge Wurdeman "on the aforesaid notice and the aforesaid counter-notice of contest and *on the aforesaid motion of the said contestee Jones to exclude, quash and suppress and impound the aforesaid report of said county clerk, William Seibel.*"

The motion to suppress is pending and undisposed of according to the petition. It is part of the things coming on to be heard. It is not averred that respondent had overruled such motion, or has indicated that he will overrule it. It is not pleaded that *respondent* has threatened to rule it, or that *respondent* has threatened to either admit or reject the report of the county clerk.

In the return it is said that respondent has jurisdiction of the subject-matter of the contested election and jurisdiction of the persons of the parties. This is true. Then respondent, in the return says: "that the issues to be tried before him (which includes the motion to suppress) will be tried like all other issues of fact, and the law applied to the facts the same as this honorable court would apply the law to the facts in the case, and respondent *denies* that he will or was about to take any illegal action in the contest case pending before him, but that all of his acts, rulings and official conduct would be in accordance with the law and the evidence."

The foregoing in the answer or return, under the motion for judgment, must be taken as true. This because the facts stated in the return, become the facts of the case, where motion for judgment upon the pleadings is filed. Of course, as we have said, if the return fails to deny a well pleaded fact in the petition, such undenied fact becomes a fact in the case. The only thing in the

pleading is a mere conclusion of the pleader thus worded: "That in said hearings, proceedings and on the trial of said cause said defendant as judge of said court, unless he shall be restrained and prohibited therefrom by this honorable court, will suffer and permit said contestant and the said contestee to offer and read in evidence the said Seibel's report," etc.

No fact is alleged from which this conclusion can be drawn. This is not a statement of a fact, but is a mere conclusion of the pleader without pleaded facts upon which to predicate it. Relators nowhere state that Judge Wurdeman has done or said anything which would justify this conclusion of fact. On the other hand Judge Wurdeman says that the matters are rightfully and legally pending before him, and that when he reaches the matters involved he will undertake to try them according to the law and the facts. He specifically denies that he either had or contemplates the doing of any unlawful act in the disposition of the matters. From all the facts, well pleaded, to be drawn from all the pleadings, and especially from the return herein, our preliminary rule should be discharged. Had Judge Wurdeman indicated and said that he was going to overrule this motion to suppress, or was going to admit this report, and these facts had been alleged, then we might have a different case here. As it is we have the mere conclusion of the pleader that such would be done.

The facts of the instant case are wrapped within the pleadings, and more especially within the return. We cannot reach the question of the legality of this report.

Under these facts our rule in prohibition should be discharged, and it is so ordered. All concur; *David E. Blair, J.,* in the result.