**524**

PIA PSYCHIATRIC HOSPITALS, INC.,
d/b/a Psychiatric Institutes of
America, Appellant,

v.

The MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE, Kansas Psy-
chiatric Institutes, Inc., and Northland
Institutes, Inc., Respondents.

WD 37983.

Missouri Court of Appeals,
Western District.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 3, 1987.

Application to Transfer Denied
March 17, 1987.

Harvey M. Tettlebaum and Duane Ben-
ton, of counsel, Jefferson City, for appel-
lant.

William Webster, Atty. Gen., Louren R.
Wood, Asst. Atty. Gen., Jefferson City, for
Missouri Health Facilities Review Commit-
tee.

John R. Cleary and Gary D. Barnes
(Linde, Thomson, Fairchild, Langworthy,
Kohn & Van Dyke, of counsel), and Phillip
H. Snowden (Snowden & Watson, of coun-
sel), Kansas City, for respondents, North-
land Institutes, Inc. and Kansas Psychiatric
Institutes, Inc.

Before PRITCHARD, P.J., and
TURNAGE and KENNEDY, JJ.

PRITCHARD, Presiding Judge.

On April 4, 1985, appellant PIA filed its
application with the Missouri Health Facili-
ties Review Committee (MHFRC) for a cer-
tificate of need to construct a 50–bed ado-
lescent psychiatric hospital and a 26–bed
residential treatment center in Platte Coun-
ty, Missouri, under Chapter 197 RSMo (ini-
tially L.1979, p. 384, § 1, et seq.).

On May 10, 1985, respondents KPI and
Northland filed applications for a certifi-
cate of need with MHFRC to construct a
40–bed adolescent psychiatric hospital and
a 20–bed residential treatment center in
Clay County, Missouri.

The State Health Planning and Develop-
ment Agency (SHPDA) extended the re-
view of PIA's application for 30 days.
SHPDA took over the functions of the
health services agency (HSA) when the lat-
ter was abolished by the governor's execu-
tive order in 1982. SHPDA performed a
comparison review of both applications, and
recommended to MHFRC that appellant's
application be denied and on August 8,
1985, it heard the presentations, first of
PIA, then of respondents, and following
the recommendation of SHPDA, voted to
deny PIA's application and to grant that of
respondents.

On September 10 or 11, 1985, PIA filed
its petition for review under §§ 536.100 to
536.140, RSMo 1978, in the Circuit Court of
Clay County, Missouri. An amended peti-
tion was filed October 4, 1985. A motion to
dismiss was filed by respondents on the
ground that PIA had no standing to seek
review. After arguments and suggestions
of the parties, the trial court sustained the
motion to dismiss finding that PIA "has no

standing to obtain the relief it seeks herein because [it] is not an aggrieved party as required by Sec. 536.100 R.S.Mo." That is the issue presented on this appeal.

The issue turns upon a construction of § 197.335, RSMo (Supp.1984), which is: "Within thirty days of the decision of the committee, the applicant or the health systems agency [now SHPDA] within whose area the new institutional health service is to be offered may file an appeal in accordance with the provisions of sections 621.015 to 621.198 RSMo, and chapter 536, RSMo, provided, * * *."

The right of appeal by a competing applicant for a certificate of need for a proposed institutional health service to be offered under § 197.335 has been recently considered and ruled adversely to a competitor in two cases on the ground of lack of standing under the statute. In *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d 821 (Mo.App.1984), the plaintiff, St. Joseph's, filed a petition for review in the circuit court from the decision of MHFRC granting a certificate of need to Pacific Care Center, Inc., for a nursing home. The court reversed the trial court's determination that St. Joseph's had standing to bring the action. In so doing, it analyzed the purpose of the certificate of need program as " 'intended to reduce unnecessary duplication in health care facilities and thereby, it is hoped, reduce the cost of health care to consumers.' " [Quoting *Greater St. Louis Health Systems Agency v. Teasdale,* 506 F.Supp. 23 (E.D.Mo.1980)], as contrasted to the purpose of the statutory according of aggrieved status, for the purpose of appeal by competitor banks, "to insure solvency of the institutions and resultant security of the assets of customers." 682 S.W.2d at 826. The St. Joseph's court further distinguished the banking cases of *Bank of Belton v. State Banking Board,* 554 S.W.2d 451 (Mo.App.1977); and *Farmer's Bank of Antonia v. Kostman,* 577 S.W.2d 915 (Mo.App.1979), on the basis that since *State ex rel. Rouveyrol v. Donnelly,* 365 Mo. 686, 285 S.W.2d 669 (1956), the Legislature had granted intervenor and "aggrieved party" status to competitor banks which did not theretofore exist, and

that the Legislature had not granted similar status to competitor health care institutions under § 197.335. The same issue is here contended, but the St. Joseph's case is conclusive thereon.

PIA seizes upon the word "party" used by the trial court in its order of dismissal as being in error because § 536.100 provides that "Any *person* who has exhausted all administrative remedies provided by law and *who is aggrieved* by a final decision in a contested case * * * shall be entitled to judicial review thereof, * * *." [Italics added.] Const. Mo. Art V, § 18, provides that all final decisions, findings, rules and order of any administrative officer or body which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provided by law. It is true that MHFRC is an administrative body under *Missouri Health Facilities Review Comm. v. Administrative Hearing Com'n,* 700 S.W.2d 445, 448 (Mo. banc 1985), but that is not here conclusive. It makes no difference that the trial court used the word "party" instead of the word "person" because PIA has not shown itself to be aggrieved in the sense that MHFRC's decision operated directly upon its personal or property rights or interests, which must be rights which the law protects, and under the St. Joseph's case, page 824[3, 4] [5], the " 'right' to be free from legitimate competition is not a right at all and is certainly not one protected by law. (Citing cases.)" In this case, a right of review is not accorded to PIA as "provided by law" under the constitutional provision. The only right it has under § 197.330 is to be notified in writing of an application, to be present at a public hearing on all applications when requested, and to be notified of the decisions, as an "affected person". The St. Joseph's court has not, as suggested, returned to the Rouveyrol case, supra, because the banking statutes were amended to permit competitor banks to intervene and seek review as aggrieved parties, a situation which has not here happened.

See also the second case involving competing health institutions holding that a competitor, St. Peter's Community Hospi-

tal, had no right of appeal either to AHC or the Circuit Court on a decision to grant a certificate of need to Sisters of St. Mary, *HCA Health Services v. Admin. Hearing Com'n*, 702 S.W.2d 884 (Mo.App.1985).

Respondents have filed a motion to dismiss the appeal based upon a final judgment of the Circuit Court of Cole County, Missouri, on the same issue and with the same parties. In view of the result here reached, it is unnecessary to rule that question.

The judgment is affirmed.

All concur.