WEST COUNTY CARE CENTER,
INC., Appellant,

v.

MISSOURI HEALTH FACILITIES
REVIEW COMMITTEE,
Respondent,

Health Services Management Corporation
on Behalf of the Lakes of Big Bend
Health Care Center, Valley Park, Mis-
souri, Intervenor.

No. WD 40948.

Missouri Court of Appeals,
Western District,
En Banc.

June 27, 1989.

Harvey M. Tettlebaum, Jefferson City,
for appellant.

William L. Webster, Atty. Gen., Jefferson
City, Simon Bolivar Buckner, IV, Asst.
Atty. Gen., Kansas City, for respondent.

Jerry Wayne Venters, Jefferson City, for
intervenor.

Before KENNEDY, C.J., and SHANGLER, TURNAGE, CLARK, MANFORD, NUGENT, LOWENSTEIN, BERREY, GAITAN, FENNER and ULRICH, JJ.

SHANGLER, Judge.

Health Services Management Corporation made application to the Missouri Health Facilities Review Committee for a certificate of need for a new intermediate care facility. The law prescribes that the Review Committee act to approve or deny a certificate of need application within 130 days of the presentation of application. § 197.330.1(5), RSMo Supp.1987. The neglect to issue decision within that period constitutes approval and final administrative action on the certificate of need. § 197.330.2, RSMo Supp.1987. Notwithstanding this stricture, the Review Committee announced that a decision would not be rendered on the application until the next regular meeting—some 28 days after the expiration of the 130 day statutory period. Health Services Management acquiesced by a formal pleading which waived any right that might accrue under the statute by operation of law from the agency inaction.

After the expiration of the 130 day period, but before the date of the meeting scheduled for the consideration of the Health Services Management application, the West County Care Center, Inc., as relator, brought a petition for writ of prohibition in the Circuit Court of Cole County that challenged the jurisdiction of the Review Committee over the application and sought to restrain the agency from any further exercise of judicial authority in the matter. West County operates an intermediate care facility within the area of the site proposed by Health Services Management and asserted the interest as competitor to enable its suit in prohibition against the administrative agency. Health Services Management was allowed to intervene in the prohibition proceedings, and moved to dismiss the petition on the ground that West County lacked standing to maintain the action.

The court determined that the agency action posed no actual or threatened injury to an interest of the relator that the law protects, hence West County was without standing to prohibit the Review Committee proceedings, and dismissed the petition. The relator West County appeals from that judgment.

The relator asserts that the certificate of need statute constitutes a competitor facility a *person affected* by the application of another for a new service and hence invests an interest sufficient to maintain prohibition to enjoin an arrogation of jurisdiction by the administrative agency in the adjudication of that license. The relator asserts also—the role of the statute apart—that common law principles enable West County, as a competitor, access to the prohibition remedy.

Indeed, certificate of need statute § 197.305(1) defines *affected person* to include both an applicant for a new health care service and a competitor already licensed.[1] An *affected person*, under the law, is entitled to written notice of a review for a certificate of need for a new health facility within the service area, and the Review Committee is charged with that duty. § 197.330.1(2), RSMo Supp.1987. It is the duty of the Review Committee, as well, to conduct a public hearing on any application upon a request in writing by any *affected person* made within thirty days from the date of notice. § 197.330.1(3), RSMo Supp.1987; 19 CSR 60–50.080. An *affected person* who invokes a public hearing by a timely request may invite the Review Committee to postpone decision for thirty days beyond the prescribed one hundred days, and is entitled to the findings, conclusions and decision entered. § 197.330.1(5), (6) RSMo

---

1. *Definitions* § 197.305 provides:
 As used in sections 197.300 to 197.365, the following terms mean:
 (1) *"Affected person"*, the person proposing the development of a new health care service, the public to be served, the health systems agency and health care facilities within the service area in which the proposed new health care service is to be developed.

Supp.1987. These are the full dispensations owed an *affected person* under the certificate of need law. *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d 821, 823 (Mo.App.1984); *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Comm.,* 724 S.W.2d 524, 525 (Mo. App.1987). That is to say, an *affected person* who invokes participation in the administrative certification proceeding because of the status of competitor is a stranger to that proceeding for every other purpose than the statutory purpose invested by § 197.330.

That scheme of the statute is made the more emphatic by § 197.335, which vests the right of appeal only in the applicant and health systems agency [2]—and so confirms that a competitor *affected person* is a stranger in interest to all but the information gathering phase of the certificate of need proceedings. *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Comm.,* 724 S.W.2d at 525.

 There is no allegation in the petition for writ of prohibition, nor any assertion in the briefs or arguments of West County, that the relator was denied the participation or protection of any interest § 197.330 accords a competitor *affected person.* Nor could there be any claim to those prerogatives in any event, since the pleadings in prohibition and the record on the merits preclude inference that a public hearing was convoked at the instance of any *affected person,* whether competitor or member of the public. Whatever partic-

ipation West County was allowed in the certificate of need proceedings endowed no interest the law will protect under the statute. To engage the power of a court to adjudicate the prohibition remedy, the ground for the issuance of the writ must clearly appear and every fact requisite for its issuance be alleged. *State ex rel. Brncic v. Huck,* 296 Mo. 374, 246 S.W. 303, 305[1] (banc 1922); *State ex rel. Hartman v. Casteel,* 678 S.W.2d 816, 818[2, 3] (Mo. App.1984). The interest the certificate of need law accords to a competitor *affected person* is to be given notice of a review for a new health care service within the area, to invoke a public hearing for the presentation of its views to the licensure committee, and to be informed of the decision. It is that interest—if any at all—of a competitor which the law will protect by extraordinary remedy. The relator makes no claim that any such interest was infringed or threatened by any action of the administrative tribunal, and otherwise has no other interest to assert for the prohibition remedy. The relator has no standing to interfere with the Review Committee action to postpone the decision on the certificate of need of another applicant, and the petition was properly dismissed.

The relator cites and asserts the authority of *State ex rel. Missouri Health Care Ass'n v. Missouri Health Facilities Review Committee,* 768 S.W.2d 559 (Mo.App.1988), a prior opinion of a panel of this court. The decision expresses the rationale that

---

**2.** The literal text of § 197.335, RSMo Supp.1987, grants the right of judicial review of the administrative decision on a certificate of need only to the applicant and health systems agency, each an *affected person* within the definition of § 197.305(1), RSMo 1986. The health system agencies were voluntary health planning agencies created under the National Health Planning and Development Act of 1974, 42 U.S.C. § 300k *et seq.* to enable states to participate in the funding under the congressional enactment. *See Greater St. Louis Health Systems Agency v. Teasdale,* 506 F.Supp. 23, 27 (E.D.Mo.1980). The congressional Act was repealed effective January 1, 1987, and no substitute legislation was enacted. *See Community Care Centers, Inc. v. Missouri Health Facilities Review Comm. & Barnes Hospital,* 735 S.W.2d 13, 16 (Mo.App. 1987).

Our certificate of need law nevertheless continues to define *health systems agency* under the repealed congressional Act. § 197.305(9). The certificate of need law also continues to grant the right of judicial review of the administrative decision to a health systems agency as well as to an applicant. This is so although the certificate of need law was revised after the 1987 repeal of the federal Act. The opinion in *HCA Health Services of Midwest, Inc. v. Administrative Hearing Comm'n,* 702 S.W.2d 884, 887 at n. 4 (Mo. App.1985) comments: "Missouri health services agencies were terminated by Executive Order of the Missouri governor effective in 1982." We find no official record of such an order—which, in any event, would have anticipated necessity by some five years.

the status of competitor *affected person* suffices *per se* to invest standing for a writ of prohibition, not only to protect the interest the statute confers on a competitor to present its views to the licensure committee at a public hearing, but also as to any phase of the adjudication of a certificate of need application. In that respect we deem *State ex rel. Missouri Health Care Ass'n* to be mistakenly overbroad as a matter of statutory right and of decisional law, and should not be followed.

The relator argues that the strictures of the certificate of need statute apart, principles of the common law accord West County standing for the writ of prohibition, and hence the judgment of dismissal entered by the trial judge on the petition was error. These principles [the argument goes] accord a person, a stranger to the record, standing for prohibition.

The procedure and practice of our prohibition remedy, since reformulated as statutes and rules, reflect the doctrines of the common law. *State ex rel. Darst v. Wurdeman*, 304 Mo. 583, 264 S.W. 402, 404 (banc 1924); §§ 530.010–530.090, RSMo 1986; Rule 97. It was the means whereby the sovereign compelled the ecclesiastical and other courts to conform to the common law of the realm as expounded by the superior courts. *Thomas v. Mead*, 36 Mo. 232, 248 (1865). An infringement of this scheme of ordered jurisdiction was chargeable not only as a grievance to the party injured, but as a contempt of the sovereign as well. The common law met this exigency of public concern for affront to the sovereign and the laws in arrogated judicial power by the grant of standing to a stranger to petition for the writ. *State ex rel. Darst v. Wurdeman*, 264 S.W. at 404; High, Extraordinary Legal Remedies § 779 (3d ed. 1896). That practice of the prohibition remedy remains intact in our procedure. *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 187[2] (Mo. banc 1977); *State ex rel. Eagleton v. Hall*, 389 S.W.2d 798, 802[9] (Mo. banc 1965).

■ A person, stranger to the proceeding at which the writ is aimed, may indeed seek prohibition, but not a person, stranger in interest to that proceeding. The writ does not issue when its operation would not in any way affect the interest of a party who seeks it. *State ex rel. Helm v. Duncan*, 225 Mo.App. 393, 36 S.W.2d 679, 681[6–8] (1931). The interest may be to person or property, economic or noneconomic. *State ex rel. Townsend v. Mueller*, 51 S.W.2d 8, 11[4, 5] (Mo. banc 1932); *State ex rel. Priest v. Calhoun*, 207 Mo.App. 149, 226 S.W. 329, 332[1, 2] (1920); *State ex rel. Darst v. Wurdeman*, 264 S.W. at 404[4, 5]; *State ex rel. Eagleton v. Hall*, 389 S.W.2d at 802[9]. The interest that will sustain prohibition either by a stranger or non-stranger to the proceeding at which the writ is aimed is alike. It is "a personal stake arising from a threatened or actual injury." *State ex rel. Williams v. Mauer*, 722 S.W.2d 296, 298[5] (Mo. banc 1987); *State ex rel. Priest v. Calhoun*, 226 S.W. at 331[1]. That is to say: it is an interest that invests the person in that position with the right to judicial relief. *Harrison v. Monroe County*, 716 S.W.2d 263, 266 (Mo. banc 1986); *State ex rel. Williams v. Mauer*, 722 S.W.2d at 298[5].

■ Standing, therefore, is cognate to justiciability. It is the interest of an adversary in the subject of the suit as an antecedent to the right to relief. *State ex rel. Schneider v. Stewart*, 575 S.W.2d 904, 909 (Mo.App.1978); *Harrison v. Monroe County*, 716 S.W.2d at 266. It is the indispensable basis for the exercise by a court of its constitutional power to adjudicate and give remedy. *Id.; Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). An interest in a controversy is justiciable if, arguably, it falls within the compass of interests the statute, constitutional guarantee, or other source of right protects. *Harrison v. Monroe County*, 716 S.W.2d at 266; *Ass'n of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 153, 90 S.Ct. 827, 829–30, 25 L.Ed.2d 184 (1970).

Our decisions already determine that the only personal interest a competitor *affected party* has at stake in a certificate of need proceeding under §§ 197.300–365, RSMo

1986 & Supp.1987, 1988, is the right to notice of a review for a certificate of need by a proposed new facility in the service area, the right of the competitor to present its views at a public hearing, and the right to receive the decision entered on the application. *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d at 823; *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Comm.,* 724 S.W.2d at 525. The relator here makes no claim that any such interest was infringed by the action of the administrative agency to postpone decision until after 130 days of the application, or that there was any actual or threatened injury to the interest the statute invests in a competitor *affected party.* Nor, indeed, does the petition for writ of prohibition even assert that a request for public hearing by that competitor or any other *affected party* was ever made as the statute prescribes. *See* § 197.330.1(3), RSMo Supp.1987. The petition for prohibition, rather, asserts a stake in the time constraints of a certificate of need adjudication—a concern not within the zone of interests which the statute accords a competitor *affected person* and protects. *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d at 823.

The relator argues, the role of the statute apart, that common law principles invest West County, as a competitor, with the interest to maintain the prohibition remedy to prevent an excess of jurisdiction by the administrative agency in the adjudication of the certificate of need. That argument postulates that to accord a competitor status for prohibition prevents duplicative health care facilities, advances the purpose of the certificate of need law—to hold down health care costs—and so subserves the public interest. The statute, however, already assigns the role of protector of the public interest to the Review Committee and to the attorney general, and not to any private suitor. *St. Joseph's Hill Infirmary v. Mandl,* 682 S.W.2d at 827[7]; § 197.315.4., RSMo Supp.1987.

The relator does not identify the source of common law right which endows such an interest to a competitor. There is, however, no general principle of common law, nor of constitution, nor of statute that protects the interest of a competitor to be free of competition or invests standing for that purpose. *St. Joseph's Hill Infirmary, Inc. v. Mandl,* 682 S.W.2d at 824; *Community Care Centers, Inc. v. Missouri Health Facilities Review Comm.,* 735 S.W.2d 13, 15 (Mo.App.1987); *Schmitt v. City of Hazelwood,* 487 S.W.2d 882, 888[13] (Mo.App. 1972). It is the invariable principle, rather, that to motivate the judicial power the court must be presented with a case or controversy: a personal stake in immediate danger of some direct injury from the improper action. *Harrison v. Monroe County,* 716 S.W.2d at 266; *State ex rel. Williams v. Mauer,* 722 S.W.2d at 298[5]. The undifferentiated public grievance of an administrative decision irregularly reached that the relators pose does not suffice to present a controversy or to invest standing. *Warth v. Seldin,* 422 U.S. at 501, 95 S.Ct. at 2206–07.

The relator argues nevertheless that the interest to bring prohibition derives, if not from the certificate of need statute or from common law principle, then from its role as taxpayer. A portion of the revenues of a facility licensed under the certificate of need law, the arguments goes, are derived from Medicare payments. These payments are dispensed by a state agency from state funds. These funds, in turn, are derived from taxes levied on the populace of the state—West County among them.

■■■■ Our law establishes that a taxpayer who alleges that public funds are expended for an illegal purpose describes a private interest sufficient to maintain a declaratory judgment and injunction against the illicit action. *Missourians For Separation of Church and State v. Robertson,* 592 S.W.2d 825, 837[10, 11] (Mo.App.1980). The remedy the relator here asserts, however, is not declaratory judgment or injunction, but prohibition. It is an action to test the jurisdiction of the Review Committee to defer decision on an application for certificate of need beyond the 130 day limit § 197.330.2, RSMo Supp.1987. It does not involve an expenditure of public funds. The point is denied.

The relator does not show the necessary interest antecedent to access to the writ of prohibition. The petition was properly dismissed.

### The Merits of the Petition for Writ of Prohibition

The relator next posits the basic principles of the prohibition remedy—the rule that time limits imposed by statute on an administrative agency are jurisdictional and cannot be enlarged—and an appellate decision that the 130 day direction of § 197.330.1(5) to approve or deny a certificate of need is mandatory—to argue the merits of the West County petition for writ of prohibition. The doctrine expounded is indeed sound, and the decisions cited authoritative. *See State ex rel. Atkins v. Missouri State Board of Accountancy,* 351 S.W.2d 483, 489[5, 6] (Mo.App.1961); *R.B. Industries, Inc. v. Goldberg,* 601 S.W.2d 5, 7[1, 2] (Mo. banc 1980); *PIA Psychiatric Hospitals, Inc. v. Missouri Health Facilities Review Comm.,* 729 S.W.2d 491, 493[2, 3] (Mo.App.1987).

We do not reach the right to relief under the statement of the petition for writ of prohibition the relator presents. We determine, rather, in limine and antecedent to any judgment on the merits—as did the trial court—that the relator was without interest or personal stake to maintain prohibition on the grounds alleged for remedy. *State ex rel. Schneider v. Stewart,* 575 S.W.2d at 909. We determine that the relator is not entitled to have the merits of the contention decided by our courts. *Warth v. Seldin,* 422 U.S. at 498, 95 S.Ct. at 2204–05.

### A Separate Ground for Judgment

The trial court adjudicated that as a matter of law the relator West County was without standing for the prohibition remedy, dissolved the preliminary order, and entered judgment against the relator on the petition. For the reasons ascribed, we affirm that judgment and that ground of judgment. Another ground, already implicit in the judgment—that the petition does not plead a justiciable interest, and hence does not engage the court in a case or controversy—also supports the decision of the trial court. It is that the interest the petition undertakes to plead, even if otherwise sufficient for standing in a controversy, is moot and no longer justiciable.

We treat the question because standing and mootness are both aspects of justiciability, and so share that affinity. The question of standing involves whether the interest asserted suffices to engage the judicial power in a case or controversy. The question of mootness involves whether an actual case or controversy still persists. *Warth v. Seldin,* 422 U.S. at 499, n. 10, 95 S.Ct. at 2205; *Harrison v. Monroe County,* 716 S.W.2d at 266. In both cases, it is a question for notice by a court for dismissal, even on appeal. *State ex rel. Schneider v. Stewart,* 575 S.W.2d at 909; *State ex rel. City of St. Louis v. Hay,* 153 S.W.2d 837, 838 (Mo. banc 1941).

It is evident from the pleadings, and otherwise acknowledged in the argument to this court, that the intention of the Review Committee to defer final action on the Health Services application for a certificate of need until January 25, 1988, was announced on December 11, 1987, at the regular meeting of the Review Committee. It was at that very meeting also that Health Services, by formal request, acquiesced in the deferment of the administrative decision. West County, later the relator, was in attendance and so was privy to the design. The 130 days for action by the Review Committee on the application for the certificate of need were spent on December 27, 1987. Thus, there remained to West County 16 days to seek intervention by a writ of prohibition in the administrative proceedings—[the interest for standing for prohibition otherwise assumed]—before inaction by the Review Committee operated by law to constitute approval of the application. § 197.330.2, RSMo Supp 1987. The petition for writ of prohibition by West County as relator was not brought, however, until January 21, 1988, 23 days *after* [under the theory of the petition] the jurisdiction of the Review Committee over the application lapsed.

■ The writ of prohibition lies to prevent an excess of jurisdiction by an inferior tribunal. It does not lie to annul a judicial action already completed. *State ex rel. Kansas City v. Burney*, 23 S.W.2d 117, 119[2, 3] (Mo. banc 1929); *State ex rel. Schafer v. Casteel*, 732 S.W.2d 903, 906 (Mo. banc 1987). The failure by the Review Committee to act within the time required not only constitutes approval of the application, but final administrative action on the application as well. § 197.330.2, RSMo Supp.1987. That is to say, simply, that after the lapse of 130 days, the law completes the action as if done in time by the Review Committee and approves the application as the final action in the administrative proceeding. Accordingly, the issue the West County petition for writ of prohibition undertakes was already moot by the time it was brought.

Nevertheless, we do not dismiss the appeal by the relator West County. To do so would be not only to evade review of the recurrent and consequential question as to whether the status of competitor suffices to invest an *affected person* with the interest to prohibit the Review Committee from a decision on a certificate of need after 130 days, but also would be to allow our erroneous opinion in *State ex rel. Missouri Health Care Ass'n* to remain uncorrected.[3] *State v. Local No. 8–6, Oil, Chemical and*

*Atomic Workers Int'l. Union, AFL–CIO*, 317 S.W.2d 309, 314[2, 3] (Mo. banc 1958).

The judgment is affirmed.

KENNEDY, C.J., and TURNAGE, CLARK, MANFORD, NUGENT, LOWENSTEIN, BERREY, FENNER and ULRICH, JJ., concur.

GAITAN, J., concurs in separate concurring opinion filed.

GAITAN, Judge, concurring.

While I concur with the majority opinion, as the author of *State v. Mo. Health Facilities Rev. Com*, 768 S.W.2d 559 (Mo.App. 1988) I must state that the facts of that case are distinguishable from those of *West County*. There, the Missouri Health Care Association (MHCA) raised both in the writ of prohibition and in their briefs that the continuance by the review committee beyond the statutory 130 days prevented its right to be heard pursuant to section 197.-330.1(2), (3), and (6) RSMo 1986. This was not the case in *West County*. Additionally, MHCA acted on the 131st day or as soon as it reasonably could rather then twenty-three days later as in *West County*. Consequently, the mootness argument in *West County* is distinguishable.

Having raised the issue of the granting of the certificate of need (CON) by operation of law and without the opportunity to be heard pursuant to section 197.330.1(2),

**3.** The judgment we review rests altogether on the determination of law that the status of competitor *affected person* does not suffice *per se* to invest the requisite interest to intervene by prohibition in the Review Committee licensing process. The question of mootness was introduced into the proceedings by the motion of Health Services Management, the applicant for the certificate of need before the Review Committee, for motion to withdraw as intervenor in the prohibition action brought by relator West County and motion to withdraw its motion to dismiss the petition for writ of prohibition. That is to say, the intervenor Health Services Management, repudiated its trial position that West County was without sufficient interest as a competitor *affected person* to maintain the writ. The postjudgment motion of relator West County to vacate or amend the adverse judgment entered by the trial court upon its petition for writ of prohibition, moreover, appended to the Petition for Declaratory Judgment brought by

applicant for certificate of need Health Management Services for a declaration that under § 197.330.1(5), the Review Committee was without authority to extend the 130 day limit imposed by that statute for decision on an application. That repudiation of position, the relator alleged in the postjudgment motion, was an acknowledgment that the application was approved by operation of law after the lapse of 130 days, and so rendered the petition for prohibition moot. That, of course, is the rationale of this opinion—standing of a competitor *affected person* to bring the writ assumed.

The trial court did not rule the contention of mootness. We surmise that the court was prompted, as is our treatment of the standing issue—mootness notwithstanding, by the urgent need for decision of the question. The prior opinion of a panel of this court in *State ex rel. Missouri Health Care Ass'n* had not yet been decided, so the trial court was without any appellate precedent.

(3) and (6), I believe the decision in *State v. Mo. Health Facilities Rev. Com.* to be correct, but agree with the majority that it may be overbroad.