**SGOH ACQUISITION INC., a Missouri Corporation d/b/a Doctors Hospital of Springfield, Appellant,**

v.

**MISSOURI DEPARTMENT OF MENTAL HEALTH, Respondent.**

**No. WD 51304.**

Missouri Court of Appeals, Western District.

Jan. 30, 1996.

Paul G. Taylor, Joplin, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and HANNA, JJ.

FENNER, Chief Judge.

SGOH Acquisition, Inc. d/b/a Doctor's Hospital of Springfield (Hospital) appeals the judgment of the trial court affirming the denial of its application for certification as a Community Psychiatric Rehabilitation Center (CPRC) by the Missouri Department of Mental Health (Department). The judgment of the trial court is affirmed.

On April 22, 1993, Hospital filed an application with the Department for certification as a CPRC pursuant to 9 CSR 30–4.031

(1993). After receiving additional information from Hospital regarding its application, the Department conducted an on-site survey of Hospital's facilities on August 17, 1993. On August 31, 1993, the Department sent Hospital an Initial CPRC Survey Report setting forth numerous deficiencies in administration, fiscal management, personnel and staff development, environment, client rights, service provision, treatment, and behavior management and requesting a plan of correction within thirty working days. Hospital submitted its plan of correction on September 8, 1993.

On September 24, 1993, the Department requested additional information from Hospital because the plan continued to contain deficiencies. Specifically, information regarding the geographic area that Hospital intended to serve and the qualifications of its proposed psychosocial director was needed to cure the defects. Hospital then requested an updated service area map and supplied the Department with a revised job description of the PSR director on September 28, 1993. On October 4, 1993, a revised plan of correction regarding Hospital's intended service area was sent to the Department.

On October 28, 1993, the Department notified Hospital that certification activities would be reviewed in light of new emergency rules promulgated by the Department. After receiving the October 28, 1993, letter from the Department, Hospital requested certification retroactive to October 12, 1993. On November 4, 1993, the Department responded that it was not prepared to grant Hospital's CPRC certification because the review related to the new emergency rules had not been completed. Hospital again requested certification retroactive to September 20, 1993, on May 5, 1994. The final regulations relating to the emergency rules became effective on April 9, 1994. The Department notified Hospital on June 1, 1994, that it did not meet certification standards on September 20, 1993, to compel retroactive certification, nor was it eligible for certification under the new final rules. Hospital requested an administrative hearing pursuant to 9 CSR 30–4.031(11) (1993).

A hearing was held on August 19, 1994, before the Administrative Hearing Officer for the Missouri Department of Mental Health. On August 31, 1994, the hearing officer issued findings of fact and conclusions of law upholding the Department's denial of Hospital's application for certification as a CPRC.

On September 30, 1994, Hospital filed a petition for judicial review pursuant to section 536.100, RSMo 1994 with the Circuit Court of Cole County. It argued that the Department accepted the October 4, 1993, plan of correction by telephone conversation and that the Department's subsequent action regarding the emergency rules constituted a revocation of the certification rather than a denial. The trial court issued an order finding that the cause was a denial of Hospital's application for certification and that the denial was not arbitrary, capricious, unreasonable, or an abuse of discretion.

■ An appellate court reviews the decision of the administrative agency, not the judgment of the circuit court. *Prince v. Division of Family Servs.*, 886 S.W.2d 68, 70 (Mo.App.1994). The scope of judicial review is limited to whether the decision of the administrative agency was supported by substantial and competent evidence, was procedurally unlawful or otherwise unauthorized by law, was arbitrary, capricious or unreasonable, or constituted an abuse of discretion. *State ex rel. Columbia Tower, Inc. v. Boone County*, 829 S.W.2d 534, 535–36 (Mo.App. 1992); § 536.140, RSMo 1994. The evidence must be viewed in the light most favorable to the agency's decision. *Prince*, 886 S.W.2d at 70. Determination of the credibility of witnesses is for the administrative agency. *Columbia Tower*, 829 S.W.2d at 537.

On appeal, Hospital argues that the trial court erred in upholding the denial because the denial was arbitrary and capricious and not supported by competent and substantial evidence upon the record. It contends that (1) the refusal by the Department to certify it as a CPRC was a revocation of certification rather than a denial, (2) the Department did not follow statutory and regulatory procedures, and (3) the Department exceeded its statutory emergency rule making authority.

To be eligible for certification as a CPRC under the final 1994 regulations, Hospital must have been certified at least once prior to November 7, 1993, and must have maintained certification continuously since November 7, 1993. 9 CSR 30–4.031(2)(E) (1994). Hospital contends that it was entitled to certification in September or October 1993 and, thus, eligible under the final 1994 regulations which became effective on April 9, 1994.

Hospital first argues that it was entitled to certification in September or October 1993 because there were no uncorrected deficiencies after the submission of its final plan of correction. It also claims that the revised plan of correction was accepted by the Department by telephone and that the Department's subsequent refusal to certify was a revocation rather than a denial of certification.

The record reveals that Hospital's application and plans of correction were replete with deficiencies which prevented its certification as a CPRC. The initial survey report set forth deficiencies in numerous areas, and Hospital's first plan of correction failed to cure all of them. The Department then requested additional information regarding the intended service area of Hospital and the qualification of the proposed PSR director. Eventually, Hospital submitted a revised plan of correction which clarified the service area and provided a job description of the PSR director. The revised plan, however, did not identify a proposed director or his or her qualifications.[1]

At the administrative hearing, the Director of Psychiatric Services for Hospital testified that she was told in an October 5, 1993, telephone conversation with James Hunter, the Director of the Bureau of Quality Improvement for the Department, that the revised plan of correction met the certification standards. Mr. Hunter, however, denied informing Hospital that its CPRC application met the certification standards.

Furthermore, the October 28, 1993, correspondence from the Department to Hospital regarding the emergency rules clearly shows that Hospital was not certified at that time. Additionally, Mr. Hunter testified that prior to October 28, 1993, Hospital had never been certified as a CPRC.

■ The record supports with substantial and competent evidence the hearing officer's determination that Hospital's plan of correction was deficient under the applicable standards regarding the identity and qualifications of the proposed PSR director, that the plan was never accepted or implemented by the Department, and that Hospital was denied certification as a CPRC. The decision of the hearing officer affirming the denial of Hospital's application for certification as a CPRC, therefore, was not arbitrary, capricious, or an abuse of discretion.

Hospital next argues that it was automatically certified in September or October 1993 because the Department failed to follow the time requirement for taking action on its revised plan of correction. Under the 1993 regulations, the Department was required to notify Hospital of its decision to accept or require revision of the proposed plan of correction within ten working days of receipt of the plan. 9 CSR 30–4.031(7)(B) (1993). Hospital claims that it did not receive notice from the Department until October 28, 1993, and then was put on indefinite "hold" regarding its certification.

Hospital relies on *West County Care Center, Inc. v. Missouri Health Facilities Review Committee,* 773 S.W.2d 474 (Mo.App. 1989), for its argument regarding automatic certification. In *West County Care Center,* Health Services Management Corporation submitted an application for a certificate of need to the Missouri Health Facilities Review Committee for a new intermediate care facility. *Id.* at 475. Pursuant to section 197.330.1(5), RSMo Supp.1987, the Review

---

1. The CPRC application required Hospital to provide a table of organization listing the proposed personnel of the CPRC and their qualifications. Pursuant to 9 CRS 30–4.046(2)(B) (1993), a PSR director must be a mental health professional and have two years of relevant work experience. The Director of the Bureau of Quality Improvement for the Department testified at the administrative hearing that the identity of the proposed PSR director was needed to determine if the person was a qualified mental health professional.

Committee was required to approve or deny a certificate of need application within 130 days of the presentation of application. *Id.* Additionally, the statute specifically provided that failure by the Committee to issue a written decision on an application for a certificate of need within the time required by section 197.330.1(5) constituted approval of and final administrative action on the application. *Id.* (citing § 197.330.2, RSMo Supp. 1987). The Committee and the applicant had agreed to delay action beyond the prescribed statutory period, and the court found that the failure of the Committee to act within the time required constituted approval of the application as well as final administrative action on the application. *Id.* at 480.

■ The present case, however, is distinguishable from *West County Care Center.* Neither the statute nor the regulations applicable in this case specifically mandate automatic approval of a CPRC application if the Department fails to act within the prescribed time requirement. Hospital argues that 9 CSR 30–4.031(7)(B)(2) (1994) [2] mandates automatic certification. ·Hospital, however, relies on this 1994 regulation to apparently argue that it was entitled to automatic certification under the 1993 standards and, thus, was eligible for certification under the final 1994 regulations. This argument is illogical. Even assuming that 9 CSR 30–4.031(7)(B)(2) (1994) had been in effect during Hospital's certification process, it did not provide for automatic certification if the Department failed to timely respond to the plan of correction. It required a plan of correction to have been approved and fully implemented. As discussed above, Hospital's plan was considered deficient and never approved by the Department. The hearing officer, therefore, did not abuse its discretion in finding that the statute and regulations did not provide for automatic certification.

■ Finally, Hospital argues that it was entitled to certification because the Depart-

ment exceeded its statutory emergency rule making authority. It contends that there existed no immediate danger to public health, welfare, or safety which necessitated the promulgation of the emergency rule. This issue, however, was not preserved for judicial review. "[T]his court will not set aside an administrative action unless the agency had been given a prior opportunity to consider the point." *Ogden v. Henry,* 872 S.W.2d 608, 614 (Mo.App.1994)(quoting *Jackson v. Sayad,* 741 S.W.2d 847, 850 (Mo.App.1987)). Hospital did not present this argument for determination at the administrative hearing, therefore, it was not preserved for judicial review.

The judgment of the trial court is affirmed.

All concur.

---

**2.** 9 CSR 30–4.031(7)(B) (1994) provided:

(7)(B) The department shall award provisional certification to all new centers for a period of one (1) year if, as a result of the on-site survey, the department—

2. Has identified deficiencies, the center has submitted an approved plan of correction, and the department had determined that the approved plan of correction has been fully implemented.
9 CSR 30–4.031(7)(B)(2) (1994).