Gloria FLANIGAN, Appellant,

v.

**ST. JAMES PASEO LEARNING CENTER, Respondent,**

**Second Injury Fund, Respondent.**

No. WD 56184.

Missouri Court of Appeals,
Western District.

March 30, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 1, 1999.

Application for Transfer Denied
Aug. 24, 1999.

Stanley Loris Wiles, Kansas City, for appellant.

Donna Wilson, Ellen Jervis, Kansas City, for respondent St. James Paseo Learning Center.

Amy L. Glaser, Kansas City, for respondent Second Injury Fund.

Before Presiding Judge JAMES M. SMART, Jr., Judge FOREST W. HANNA and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

Plaintiff–Appellant, Gloria Flanigan, appeals the decision of the Missouri Labor and Industrial Relations Commission (the Commission) affirming Administrative

Law Judge (ALJ) Rebecca S. Magruder's dismissal of her workers' compensation claim for failure to prosecute based on her failure to appear at the setting of her case on the dismissal docket at 9:00 a.m. on September 12, 1997. Ms. Flanigan argues that it was error for the Commission to deny reinstatement of her case because there were special circumstances for her failure to appear, to wit, that her counsel was assisting his dog to have puppies and appeared at the hearing as soon thereafter as he could. We find that the Commission did not abuse its discretion in holding that counsel failed to provide good cause for his failure to either appear or to telephone the court to explain why he would be late, and that Judge Magruder was therefore justified in dismissing the claim. Judgment affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ms. Flanigan filed a workers' compensation claim on March 4, 1994, asserting a right to compensation for an injury she received on December 16, 1992, while she was working at St. James Paseo Learning Center. The parties agree that there was some initial uncertainty as to whether St. James had workers' compensation coverage, although the employer suggests that this uncertainty was resolved in 1996 in favor of coverage, while Ms. Flanigan suggests that this issue was still unresolved at the time the case was dismissed.

In any event, the case was set for mediation numerous times in 1996 and 1997. Of course, the mediation could not occur without plaintiff's presence. Ms. Flanigan failed to appear at any of the scheduled mediations, however. On each occasion on which Ms. Flanigan failed to appear, the court continued the mediation to another date. Finally, at a hearing on June 23, 1997, at which all counsel appeared, but Ms. Flanigan did not appear, Judge Magruder set the matter on the 9:00 a.m. dismissal docket on September 12, 1997. According to counsel for the Second Injury Fund and for the employer, the judge informed counsel for Ms. Flanigan that the

case would be dismissed unless Ms. Flanigan appeared at the September 12, 1997 setting. Counsel for Ms. Flanigan denies hearing Judge Magruder indicate that the case would be dismissed if his client did not appear at that hearing. The judge's minute sheets do reflect that the case was set for September 12 at 9:00 a.m., with a notation next to the setting stating "no more continuances." The notation was underlined twice for emphasis.

On September 12, 1997, neither Ms. Flanigan nor her attorney appeared at the scheduled 9:00 a.m setting. Judge Magruder's docket sheets show that attorneys for the Second Injury Fund and for the employer did appear, and that because of the failure of the claimant or her attorney to appear, Judge Magruder dismissed the claim for failure to prosecute. Counsel for Ms. Flanigan did finally appear at 9:38 a.m., without his client, but was informed that the case had already been dismissed. He requested Judge Magruder to reinstate the case, but she told him that if he disagreed with the dismissal he should file an appeal with the Commission within the 20 day period permitted for such appeals. He did so.

The Commission sent the case back for a hearing as to the reason why neither counsel nor his client appeared at the scheduled setting. At the May 15, 1998 hearing, counsel explained that he had told his client to meet him at his office the morning of the hearing, and had just finished getting breakfast and was about to get dressed and leave his home, when, at about 8:00 a.m., his dog gave signs she was about to deliver puppies. Although counsel's wife was home at the time, he felt he could not leave home until he had helped her get his dog safely situated for the delivery. He states that he then showered, changed and left for court at about 8:40 a.m. Because he lives in Ottawa, Kansas, he is approximately 50 miles from the courthouse. He said that he knew he would be late for the 9:00 a.m. docket but thought it would be better to just get

going than to call the court and inform the judge he would be late. For this same reason, he says, he failed to call his client at his office and tell her to get to court, and to avoid further delay he did not stop to pick her up at his office on his way to the court. He further explained that he was very surprised that Judge Magruder did not immediately set aside the dismissal when he asked her to do so upon his arrival at 9:38 a.m., since, he says, he has never had problems getting dismissals set aside the other times he has been late to court with "good cause," even without calling ahead. He thus did not expect to have trouble that day either. As plaintiff's counsel stated his position in his brief:

> If this attorney had any inkling that the Workers Compensation Court would Dismiss this case and not reinstate it on this attorney's notification to the Court as to the reason why this attorney was late, Plaintiff's attorney would have called the Court before 9:00 a.m. on September 12, 1997, and told Judge Magruder the reason this attorney could not be on time on September 12, 1997. In other words, this was a adjudgment (sic) call by this attorney.

Upon review of counsel's explanation of the reasons why he and his client were not present at the 9:00 a.m. hearing, the Commission affirmed Judge Magruder's dismissal, stating:

> Claimant's attorney was late because his dog was giving birth. We find no evidence that claimant or her attorney made any effort to notify the Division that claimant's attorney would be late for the September 12, 1997 setting. *The decision of claimant's attorney to stay with his dog and to arrive late for the scheduled setting without notifying the Division is not good cause to set aside the order dismissing the claim.*

(emphasis added). Ms. Flanigan appeals this ruling. For the reasons stated below, we affirm.

## II. THE CLAIMANT DID NOT SHOW THE COMMISSION ACTED ARBITRARILY OR UNREASONABLY IN AFFIRMING DISMISSAL FOR FAILURE TO PROSECUTE

Ms. Flanigan argues that the Commission abused its discretion in affirming dismissal of her workers' compensation claim for failure to prosecute in that the reason her counsel gave for not appearing constituted good cause as a matter of law. She therefore asks us to reverse and remand with directions to reinstate her claim.

■ In reviewing a decision of the Commission, we defer to its findings of fact and will uphold its decision unless we find the decision "is in excess of jurisdiction, unsupported by competent and substantial evidence, or is arbitrary, capricious, or unreasonable." *Burgdorf v. Bd. of Police Comm'rs,* 936 S.W.2d 227, 230 (Mo.App.1996), *citing, Ogden v. Henry,* 872 S.W.2d 608, 611 (Mo.App.1994). In making this determination, we consider the evidence in the light most favorable to the Commission's decision. *SGOH Acquisition, Inc. v. Mo. Dep't of Mental Health,* 914 S.W.2d 402, 404 (Mo.App.1996). We do not defer to the Commission's conclusions of law; those we determine *de novo. Davis v. Research Medical Center,* 903 S.W.2d 557 (Mo.App.1995).

■ We do not agree that the Commission's decision is arbitrary, capricious or an abuse of discretion. As noted above, the Commission affirmed the dismissal only after remanding for a hearing as to the reasons why counsel was late. The Commission then specifically considered the record and affirmed only once it concluded that counsel had failed to show good cause why he could not have called the court to inform it that he would be late, and that it was not reasonable just to appear late without calling and expect the court to set aside its dismissal. Further, we note that, although counsel indicated that Ms. Flanigan was available to attend the hearing, and was waiting for him at his

office, he failed to call her and ask her to get to the hearing by the required time.

While the Commission could have exercised its discretion to reinstate the claim on these facts, from this record it appears to have been well within its discretion in declining to do so. Counsel in effect admitted that he chose to perform a personal chore which he knew would make him late for court, and that he was at home and could have informed the court that he would be late, but chose not to do so because he just assumed that the court would not mind if he were late. The Commission could well have felt that such an attitude displayed a lack of respect for the court and its schedule, as well as for the other parties, and that the Commission should not reward this type of attitude by setting aside the dismissal.

Nevertheless, counsel asserts the Commission should be estopped from refusing to set aside the order of dismissal because he has had dismissals that were set aside by an ALJ on prior occasions, and he had expected Judge Magruder to do so here as a matter of course. He recognized that his case was on a dismissal docket, but said at oral argument, in effect, that if the Commission was actually going to enforce its rules about appearances it first should have been required to give notice to attorneys appearing before it that it would do so.

First, we note that it is not Judge Magruder's dismissal, but rather the Commission's failure to set aside that dismissal, that is before us. Counsel does not suggest that the Commission has in the past set aside dismissals for good cause, and thus his estoppel argument cannot apply to its decision.[1]

■ Even more basically, counsel cites no authority for the proposition that the fact that a judicial officer or body has exercised its discretion to forgive breaches of the rules means it can no longer enforce those rules. Indeed, were that the case, then what had been an issue left to the judge's discretion would be taken out of the judge's control and become a rule of law. That is not the case. The Commission or an ALJ is not estopped from refusing to set aside a dismissal for failure to prosecute simply because other dismissals have been set aside in the past. Each such dismissal must be considered on its own terms. Here, the Commission acted within its discretion in refusing to set aside the dismissal. To rule otherwise would require us to hold that assisting the dog to give birth was good cause as a matter of law and excused counsel from calling the court to inform it of the delay. This we will not hold.

For these reasons, we affirm.

Judge JAMES M. SMART, Jr., Presiding, and Judge FOREST W. HANNA, concur.

---

1. In fact, at the time that Judge Magruder dismissed this case and refused to set aside her dismissal, this Court and the Eastern District of the Court of Appeals had both held that an ALJ has no authority to set aside a dismissal for failure to prosecute, even during the 20–day period in which a claimant may file an appeal with the Commission. *See, e.g., Doneff v. Treasurer of Missouri*, 965 S.W.2d 255 (Mo.App.1998); *State ex rel. Famous Barr Co. v. Labor & Indus Relat. Comm'n*, 931 S.W.2d 892, 893 (Mo.App.1996); *State ex rel. Doe Run Co. v. Brown*, 918 S.W.2d 303 (Mo. App.1996). We can only assume that the prior instances in which counsel suggests he was successful in getting a dismissal set aside by the ALJ were decided before these cases were handed down; certainly no estoppel could arise where, as here, the governing law indicated that she had no authority to set aside her dismissal. While our Supreme Court overruled these cases in *Farmer v. Barlow*, 979 S.W.2d 169 (Mo. banc 1998), and held that an ALJ does have authority to set aside an order until an appeal has been filed or the time for appeal has run, this ruling occurred long after Ms. Flanigan's case was dismissed, and Ms. Flanigan did not appeal on this ground nor otherwise preserve it for review. Her claim was that she had shown good cause for the Commission to set aside the dismissal, and we review on that basis.